## No. 11,441.

### STATE OF LOUISIANA VS. D. K. BINGHAM.

If the defendant is made aware, previous to trial, of the necessity of employing counsel to defend his case, and neglects to make such employment and declines to accept the services of counsel whose services are placed at his command, it is his own fault if he proceeds to trial without requiring service of a copy o the jury list and the information as the law requires; and if illegal or incompetent evidence is admitted against him without objection, he is to blame.

APPEAL from the Seventh District Court, Parish of East Carroll. *Montgomery, J.*

*M. J. Cunningham* Attorney General, *Jos. E. Ransdell*, District Attorney, for the State:

1. The evidence shows the defendant was an unusually intelligent negro; that his brother had employed counsel to defend him.
2. The law does not require service of the venire on an accused who elects to be tried by the judge.
3. An objection of failure to serve such venire made after trial and conviction, comes too late. State vs. Price, 6 An. 691; State vs. Benjamin, 7 An. 47; State vs. Shay, 30 An. 114; 1 Bishop Cr. Pr., 126.

*Robt. Whetstone* Attorney for Defendant and Appellant:

1. Every person indicted for any crime, capital or punishable with imprisonment at hard labor for even years or more, shall have a copy of the indictment and the list of the jury which are to pass on his trial delivered to him at least two entire days before trial; he shall be allowed to make his full defence by counsel learned in the law; the judge of the court before whom he is to be tried shall immediately, upon his request, assign to him such counsel as he shall desire. Rev. Stat., Sec. 992; 28 An. 631; 83 An. 679; 34 An. 1037; 43 An. 895.

The opinion of the court was delivered by

WATKINS, J. The defendant was tried for and convicted of the crime of forgery, and was sentenced to imprisonment in the State penitentiary for a term of five years; from the judgment and sentence he has appealed, relying on a motion for a new trial which he insists was improperly overruled.

The grounds assigned in the motion are: (1) That the judgment and sentence pronounced are contrary to the law and evidence; (2) that he has no knowledge of law, is poor and without means to employ counsel to defend his case; (3) that he was not advised by the court of his right or privilege, under the law, to have counsel assigned to him, whose duty it was to assist him in making his defence; and that, consequently, his case was tried *ex parte* and illegal evidence adduced against him, to which he did not have the privilege of objecting, or of offering evidence in rebuttal; (4) that there was no copy of the *venire* or indictment served upon him, as the law directs; (5) that through ignorance of his rights he elected to be tried by the court, when, in fact, he should have been tried by a jury.

On the trial of the motion both parties introduced witnesses, and from their testimony, which was taken in writing and is incorporated in the transcript, we find the following substantial facts, to-wit:

That the District Judge did not appoint or assign the defendant counsel because he was an unusually intelligent colored man, and the court presumed he knew whether or not he was entitled to a lawyer to defend his case; and that he made no request of the court to appoint one.

That the defendant denies the possession of means sufficient to employ counsel, and disavows knowledge of his right to have counsel appointed to assist him.

That since last June he has been constantly incarcerated in the parish jail, and was coerced to trial without legal advice, and without having been served with a copy of the jury list of any kind.

That since his trial and conviction, he did not employ the attorney who prepared the motion for a new trial and assisted in the trial of it.

*Per contra*, that one of the practising attorneys at the bar of the court of trial, at the request of defendant's brother, called to see the defendant professionally in reference to the case; and that his

services were engaged by him (the defendant's brother) to defend the accused. But that during the course of their interview, the defendant signified that he had perfect confidence in his own ability to defend himself, and he thereupon withdrew from the case.

That this interview occurred only a few minutes before the case was called for trial.

These statements, taken as a whole, seem to disclose, on the part of the accused, a full knowledge of his right to have counsel to represent him, and hence the duty was imposed upon him to have made a request of the judge for the assignment of counsel to defend him. This is the plain precept of the law. State vs. Doyle, 36 An. 91; R. S., Sec. 992.

If incompetent and illegal evidence was adduced against him on the trial; if no copy of the information and the jury list were served upon him, it was evidently because he did not have timely and competent legal advice; but it was just as evidently the fault of the defendant that he declined to accept the services of the attorney his brother had selected for him, and risked his defence on his own ability.

That his action was intelligent and thoroughly understood, is attested by the fact that the interview he had with the counsel his brother employed for him, occurred on the same day his trial took place.

Under these circumstances it would be to award a premium upon negligence, to reverse the judgment and grant the defendant a new trial.

Judgment affirmed.